IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV146-03-MU

| | |
|---|---|
| CLEE ALLEN ELLIS, | ) |
| Plaintiff, | ) |
| v. | ) **O R D E R** |
| Department of Corrections of North Carolina, Lanesboro Medical Staff, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983 filed on March 30, 2007 (Document No. 1.) For the reasons stated herein, Plaintiff's Complaint will be DISMISSED for failure to state a claim for relief.

According to the Complaint, Plaintiff claims that sometime in 2004, he had an ear infection and the medical staff at Lanesboro[1] was slow to treat him. He also claims that the medical staff is somehow responsible for his contracting an ear infection. As evidence, Plaintiff cites to a Charlotte Observer Newspapers article which insinuated that the medical staff at prisons, presumably within North Carolina, was "spreading virus's from prison to prison." (Complaint at 4.) Plaintiff also complains about second hand smoke and claims that it is hard for him to breath. However, he does not connect his second hand smoke complaints to actions taken by any medical staff. As relief,

---

[1] Plaintiff names "D.O.C. State of N.C., Lanesboro Medical Staff." See Complaint. Plaintiff does not specify who, among the medical staff, is responsible for the allegations in his Complaint. Plaintiff has not named a "person acting under color of state law" as is required by 42 U.S.C. § 1983. For this reason, as well as those outlined in the body of this Order, Plaintiff's Complaint must be dismissed.

1

Plaintiff demands compensation for his pain and suffering and for damage to his ear and lung. Finally, Plaintiff states that he is "not guilty [and that his] ex-lawyer lied to [him] about the plea bargain and the time and he stole $15,000.00 in cash from [him] plus other property." [2] (Complaint at 5.) By way of relief, Plaintiff demand his money, freedom and property.

## I. ANALYSIS

A prisoner makes out a claim under the Eighth Amendment if he can establish that prison medical staff was deliberately indifferent to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to be deliberately indifferent, a defendant must know of and disregard an objectively serious condition, medical need or risk of harm. Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Deliberate indifference may be demonstrated by either actual intent or reckless disregard. Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990). Here Plaintiff's Complaint is so vague and lacking in fact that, even giving the Plaintiff the benefit of liberal pleadings given to pro se prisoners, this Court cannot find facts supporting deliberate indifference. By his bald conclusory allegations Plaintiff seems to be blaming medical staff for his contracting an ear infection. However, Plaintiff offers no evidence as to how medical staff was able to infect him. Plaintiff also complains that medical staff was slow to treat his ear infection. At most, this part of Plaintiff claim appears to be either negligence in treatment or a disagreement between Plaintiff and Defendants as to the course of his treatment. Neither of which state a constitutional claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975). Finally, Plaintiff complains that his lungs hurt from breathing in second hand smoke. This Court first notes that there is no

---

[2] This claim is not cognizable in a § 1983 case. Defense attorneys, whether privately retained or publically appointed, are not amendable to suit under § 1983. Deas v. Potts, 547 F.2d 800 (4th Cir. 1976).

2

constitutional right to a smoke-free stay in prison. S*ee* Helling v. McKinney, 509 U.S. 25, 29 (2003). The Eighth Amendment does protect inmates from exposure to environmental tobacco smoke, but only where conditions of confinement related to smoking evince a deliberate indifference to a serious medical condition or a risk of serious future harm. See Estelle v. Gamble, 429 U.S. 97, and Helling. However, Plaintiff has not even come close to articulating a constitutional claim based on exposure to environmental tobacco smoke. Furthermore, Plaintiff does not even explain how the entire medical staff is responsible for any second hand smoke in the prison or how they are responsible for his "lungs hurting". In short, Plaintiff has failed to state a claim for relief and his Complaint must be dismissed. 28 U.S.C. §§1915(e)(2)(ii); 1915A(b)(1).

**ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Complaint is Dismissed for failure to state a claim for relief.[3] Plaintiff's pending Motion for Appointment of Counsel (Document No. 3) and Motion for a Writ to Appear (Document No. 4) are denied as moot.

---

[3] The Court notes that even if Plaintiff had stated a claim for relief, it appears that Plaintiff did not exhaust his administrative remedies prior to filing his Complaint as Plaintiff indicated in his Complaint that he did not appeal the 2004 grievance he filed to the highest possible level in the administrative procedure. Furthermore, Plaintiff states that the grievance he filed in 2004 pertained only to staff being slow about treating his ear infection. Plaintiff's Complaint includes more than just the one claim concerning medical staff being slow about treating his ear infection. Therefore, Plaintiff has begun, but not exhausted, the grievance procedure only as to the claim regarding the slow treatment of his ear infection.

**SO ORDERED.**

Signed: April 3, 2007

Graham C. Mullen
United States District Judge